David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**HYDE & SWIGART**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for Plaintiff
Luis Varela

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Luis Varela | CASE NO: _____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| Allied Interstate, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1. Luis Varela, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Allied Interstate, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff also brings this action resulting from Defendant's illegal act of negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, which violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 47 U.S.C. §227(b),

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA").

10. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Glendale, State of Arizona and is a "person," as defined by 47 U.S.C. § 153 (39).

14. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a debt collection services company collecting debt, primarily making calls and sending debt collection letters to individuals.

16. Plaintiff is informed and believes that Defendant's corporate headquarters is located in the City of New Albany, in the State of Ohio.

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Defendants is, and at all times mentioned herein were, corporations and each was a "person," as defined by 47 U.S.C. § 153 (39).

**FACTUAL ALLEGATIONS**

19. Sometime before February 2018, Plaintiff is alleged to have incurred certain financial obligations to Credit One Bank, N.A. (the "Debt").

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before February 2019, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the Debt.

22. Sometime in or about February 2019, the Debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. On February 19, 2019 and February 20, 2019, Defendant contacted Plaintiff's cellular telephone.

24. During these calls, Defendant informed Plaintiff that Defendant was trying to collect a debt on behalf of LVNV Funding for outstanding credit card payments.

25. During these phone calls, Plaintiff told Defendant to stop calling him.

26. On February 21, 2019, Plaintiff received another phone call from Defendant's representative, who was calling about the Debt. Again, Plaintiff told Defendant's representative to stop calling him.

27. On February 27, 2019, Plaintiff received sent a letter from Defendant dated February 20, 2019. The letter claims that Defendant had been hired to collect the Debt on behalf of LVNV funding and offers to resolve the Debt for $603.41.

28. From March 6, 2019 to March 8, 2019, Defendant placed more phone calls Plaintiff's cellular telephone, but Plaintiff refused to answer.

29. On March 8, 2019, Plaintiff sent Defendant a certified letter, that this alleged debt, or some portion of it, was disputed.

30. In this same correspondence, in a manner consistent with 15 U.S.C. § 1692c(c) Plaintiff informed Defendant Plaintiff refused to pay the alleged debts.

31. Plaintiff received confirmation that Defendant received the certified letter on March 11, 2019.

32. By informing Defendant that Plaintiff disputes the debt, Plaintiff's letter constituted a correspondence that was consistent with 15 U.S.C. § 1692c(c).

33. Despite Plaintiff's letter, Defendant placed another phone call on Plaintiff's cellular telephone on March 11, 2019. Plaintiff did not answer this call.

34. On March 13, 2019, Plaintiff received another phone call on his cellular telephone and spoke to Defendant's representative.

35. During the phone call on March 13, Defendant's representative told Plaintiff that debt collection activities will cease once Plaintiff pays his debt.

36. All of Defendant's phone calls to Plaintiff's cellular telephone were "communication[s]" as that term is defined by 15 U.S.C. § 1692a(2).

37. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

38. After Defendant was notified in writing that Plaintiff wished Defendant to cease further telephone calls with the consumer, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

39. Upon information and belief, Defendant placed its calls on Plaintiff's phone using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C § 227(a)(1), and prohibited by 47 U.S.C. 227(b)(1)(A).

40. Upon information and belief, Defendant used telephone equipment that had the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

41. Plaintiff received similar phone calls from different representatives on several occasions within a few weeks.

42. Defendant's calls constituted calls that were not made for emergency purposes, as defined by 47 U.S.C. 227(b)(1)(A)(i).

43. Plaintiff did not provide Defendants or its agent(s) prior express consent to receive a phone calls from February 2019 through March 2019 to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

44. The telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227 (b).

45. Defendant's actions caused Plaintiff actual damages in the form or emotional distress mental anguish type damages, which manifested in symptoms including but not limited to: stress, anxiety, embarrassment, worry,

sleeplessness, hopelessness, helplessness, all impacting him personal and professional relationships.

## CAUSES OF ACTION
### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## CAUSE OF ACTION
### COUNT II
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227, ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**CAUSE OF ACTION**
**COUNT III**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**47 U.S.C. 227, ET SEQ.**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants' deliberately, knowingly, and willfully placed phone calls on Plainitff's cellular telephone for debt collection purposes.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**First Cause of Action for Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.**

- For statutory damages up to $1,000.00 per violation, or of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;

- For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**Second Cause of Action for Negligent Violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**Third Cause of Action for Knowing and/or Willful Violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,000.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: April 24, 2019                 By: */s/ David J. McGlothlin*
                                         David J. McGlothlin
                                         Attorney for Plaintiff